UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACEY L. PHILLIPS

      Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

      Defendant.

_____/

Case No.: 24-cv-2717

## COMPLAINT

**COMES NOW**, Plaintiff, Stacey L. Phillips (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian" of "Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein despite Plaintiff's repeated meritorious disputes of the credit reporting of her JP Morgan Chase Mortgage account (the "Account"), wherein Experian continued to report the Account as discharged in

1

bankruptcy despite a valid reaffirmation agreement, and failed to notate the accounts as disputed, both to the substantial detriment of Plaintiff's credit rating and in violation of the FCRA.

## JURISDICTION, VENUE & PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code, Section 1681, *et seq*.

3. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District and the events described herein occur in this District.

4. Venue is proper in this District as the acts and transactions described herein occur in this District.

5. At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

6. At all material times herein, Experian is a foreign for-profit corporation existing under the laws of the state of Ohio, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## GENERAL ALLEGATIONS

7. At all material times herein, JP Morgan Chase Mortgage is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

8. At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

9. At all material times herein, Defendant acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

10. All necessary conditions precedent to the filing of this action occurred, or Defendant waived the same.

## FACTUAL ALLEGATIONS

11. On May 16, 1996, a mortgage was recorded against Plaintiff's real estate property by virtue of a Promissory Note.

12. On August 5, 2020, Plaintiff filed bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, Case No. 8:20-bk-05987 ("Bankruptcy Case").

13. At the time of the Bankruptcy Case, JP Morgan Chase Mortgage ("Chase") owned and was the furnisher of the Account.

14. On October 15, 2020, Plaintiff and Chase entered into a reaffirmation agreement while represented by legal counsel.

15. On April 5, 2021, the Court entered an Order Granting Debtor's Motion to Deem Reaffirmation Agreement Timely Filed in Plaintiff's Bankruptcy Case.

16. On June 3, 2022, Plaintiff filed an action for violations of the FCRA against Defendant in the Middle District of Florida, Case No. 8:22-cv-01206 (the "First Litigation"), Case style *Phillips v. JPMorgan Chase, et al*.

17. On August 3, 2022, the parties resolved the First Litigation.

18. As of August 3, 2022, Experian corrected the credit reporting of the Account to report the same with a balance owed of $8,510 as of July 2022 (the "August 2022 Report"). The August 2022 Report further indicated timely ongoing payments between August 2020 and July 2022 which was the time period between the Bankruptcy Case and the First Litigation.

19. Thereafter, Plaintiff became aware that the credit reporting of the Account reverted back to zero balance owed, closed and discharged in bankruptcy. Defendant's credit reporting of the Account was further convoluted because Defendant continued to report timely ongoing payments as recent as June 2024.

20. Plaintiff then initiated multiple online disputes in an attempt to again correct the credit reporting of the Account which Plaintiff had reaffirmed and timely paid for 29 years.

21. Frustrated with the lack of reporting or inaccurate and misleading nonsensical reporting of the Account, Plaintiff contacted legal counsel in reference to the reporting of the Account.

22. On September 4, 2024, Plaintiff, with the assistance of the undersigned counsel, disputed Chase's credit reporting of the reaffirmed debt as discharged by letter to Experian (hereinafter, the "First Dispute Letter"). Please see attached a true and correct copy of Plaintiff's First Dispute Letter, labeled as **Exhibit "A".**

23. In the First Dispute Letter, Plaintiff disputed Chase's inaccurate reporting of the Account, explaining that:

      a.      Plaintiff reaffirmed the debt with Chase, and enclosed a copy; and

      b.      The Account should be updated to reflect monthly on time payments pursuant to the reaffirmation agreement.

24.      Experian received the First Dispute Letter and communicated Plaintiff's First Dispute Letter to Chase.

25.      Experian did not respond to Plaintiff's First Dispute Letter.

26.      On or about October 3, 2024, Plaintiff, with the assistance of the undersigned counsel, sent a second letter disputing Chase's credit reporting of the reaffirmed debt as discharged by letter to Experian (hereinafter, the "Second Dispute Letter"). Please see attached a true and correct copy of Plaintiff's Second Dispute Letter, labeled as **Exhibit "B".**

27.      Experian received the Second Dispute Letter and communicated the Second Dispute Letter to Chase.

28.      Experian did not respond to the Second Dispute Letter and the credit reporting of the Account remained unchanged.

29.      Despite having repeatedly advised Experian that the Account was reaffirmed, Experian continued to report the Account with zero balance owed, closed and discharged in bankruptcy, and made no reference to

Plaintiff's reaffirmation of the debt.

30. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    a. Monies lost by attempting to fix her credit;

    b. Loss of time attempting to cure the errors;

    c. Mental anguish, stress, aggravation, embarrassment, and other related impairments to the enjoyment of life;

    d. Inability to apply for any credit;

    e. Denials of credit accounts; and

    f. Reduction in credit score.

31. The FCRA, Sections 1681n or 1681o, or both, provide for the award of between $100 up to $1,000 in statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Experian.

## COUNT I
## VIOLATION OF THE FCRA 15 U.S.C § 1681e(B)

Plaintiff re-alleges and reincorporates paragraphs 1 through 31, as if fully set forth herein.

32. Experian is subject to and violated the provisions of 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure

7

maximum possible accuracy in the preparing of the credit report and credit files it published and maintains concerning Plaintiff.

33. Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

34. Specifically, despite the First Dispute Letter in which Plaintiff directly informed Experian that the Debt associated with the Account was reaffirmed, Experian continued to report the Account as discharged in bankruptcy with zero amount owed, and did not indicate that Plaintiff disputed the reporting of the Account.

35. Further, Experian willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the above-referenced inaccuracies contained in Plaintiff's credit reports.

36. Specifically, despite the Second Dispute Letter in which Plaintiff provided Experian with additional proof that the Debt was reaffirmed, Experian continued to report the Account as discharged through bankruptcy,

causing the Account to be included when calculating Plaintiff's credit score, which caused her credit score to fall.

37. Such reporting of the Account is false, short-sighted and evidences Experian's failure to establish or follow reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit reports and credit file.

38. As a result of Experian's conduct, actions, and inactions, Plaintiff is being denied the positive reporting history on a reaffirmed debt that was timely paid for 29 years, thus lowering Plaintiff's credit score significantly.

39. Experian's conduct was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

40. Experian's individual violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT II**
**VIOLATION OF THE FCRA 15 U.S.C § 1681i(a)(1)**

Plaintiff re-alleges and reincorporates paragraphs 1 through 31, as if fully set forth herein.

41. Experian is subject to, and violated the provisions of 15 U.S.C., Section 1681i(a)(1), by failing to conduct reasonable reinvestigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit report and credit files.

42. Specifically, Experian willfully and/or negligently refused, or both, to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes as described herein.

43. For example, despite receiving Plaintiff's First Dispute Letter, Experian's reinvestigations were not conducted in such a way as to assure the maximum possible accuracy of the Account on Plaintiff's credit reports.

44. Furthermore, Experian continuously reported the Account as a discharged through Bankruptcy with no balance owed on Plaintiff's credit reports without referencing Plaintiff's disputes or the fact that the Debt associated with the Account was reaffirmed.

45. Despite receiving Plaintiff's Second Dispute Letter, Experian's reinvestigations were also not reasonably conducted in such a way as to assure the maximum possible accuracy of the Account on Plaintiff's credit reports.

46. For example, Experian continued to report the Debt associated with the Account as discharged in bankruptcy with no balance owed and no ongoing monthly payments despite receiving a copy of the reaffirmation agreement as an enclosure to the Second Dispute Letter.

47. Such credit reporting is false and evidences Experian's failure to conduct a reasonable reinvestigation of Plaintiff's disputes regarding the Account.

48. Experian's reinvestigations of Plaintiff's disputes were not conducted reasonably.

49. Experian's reinvestigations of Plaintiff's disputes were not conducted in good faith.

50. Experian's reinvestigation procedures are unreasonable.

51. Experian's reinvestigations of Plaintiff's disputes were not conducted using all information reasonably available to the CRAs.

52. Experian's reinvestigations were *per se* deficient by reason of these failures in the CRAs' reinvestigations of Plaintiff and the Account.

53. Experian's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

### COUNT III
### VIOLATION OF THE FCRA
### 15 UNITED STATES CODE, SECTION 1681i(a)(4)

Plaintiff re-alleges and reincorporates paragraphs 1 through 31, as if fully set forth herein.

54. Experian is each subject to, and violated the provisions of, 15 United states Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

55. Specifically, despite receiving Plaintiff's First Dispute Letter, which enclosed a copy of the reaffirmation agreement, Experian failed to review and consider all information received in Plaintiff's disputes, including all relevant attachments.

56. Further, despite receiving Plaintiff's Second Dispute Letter, which enclosed a copy of the reaffirmation agreement, Experian willfully or

negligently failed, or both, to review and consider all information received in Plaintiff's disputes, including all relevant attachments.

57. Experian's failure to review and consider all information received in Plaintiff's dispute, including all relevant attachments, was done in bad faith.

58. Experian's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

### COUNT IV
### VIOLATION OF THE FCRA
### 15 UNITED STATES CODE, SECTION 1681i(a)(5)

Plaintiff re-alleges and reincorporates paragraphs 1 through 31, as if fully set forth herein.

59. Experian is each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes as inaccurate or that could not be verified.

60. Specifically, despite receiving Plaintiff's First Dispute Letter, in

which Plaintiff directly informed Experian that the debt associated with the Account was reaffirmed, Experian failed to update information on Plaintiff's credit reports with respect to the Account that was either inaccurate or could not be verified.

61. Further, despite receiving Plaintiff's Second Dispute Letter, which enclosed a copy of the reaffirmation, Experian willfully or negligently, or both, failed to update the information on Plaintiff's credit reports with respect to the Debt associated with the Account, namely that it was either inaccurate or could not be verified.

62. As a direct result of Experian's conduct, actions, and/or inactions, Plaintiff sustained damages to her credit and loss of access to credit.

63. Experian's conduct was a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully stated herein.

64. Experian's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT V
## VIOLATION OF THE FCRA
## <u>15 UNITED STATES CODE, SECTION 1681i(a)(6)</u>

Plaintiff re-alleges and reincorporates paragraphs 1 through 31, as if fully set forth herein.

65. Experian is subject to, and violated the provisions of 15 U.S.C., Section 1681i(a)(6)(A) by failing to provide written notice to Plaintiff with the results of Experian's reinvestigation response to Plaintiff's disputes of the Account within five days of the completion of such reinvestigation.

66. Specifically, to the extent Experian conducted a reinvestigation in response to Plaintiff's disputes, Experian has not provided any written notice of Experian's reinvestigation results regarding Plaintiff's disputes.

67. Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

68. Experian's violations of 15 U.S.C. Section 1681i(a)(6) constitute negligent or willful noncompliance-or both-with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 U.S.C., Sections 1681n, or 1681o, or both.

**WHEREFORE,** as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Defendant for maximum statutory damages for violations of the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages under the FCRA in an amount to be determined at trial;

e. An award of attorneys' fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## **SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—Electronically Stored Information, paper, electronic documents, or data—pertaining to this litigation.

REBBECCA GOODALL LAW, PA

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.
Florida Bar No.:  0115344
rgoodall.law@gmail.com
P.O. Box 1304
Elfers, FL 34680
(813) 438-3695
Attorney for Plaintiff
